UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:17-CR-24 |
| v. ) | |
| ) | JUDGE GREER |
| STEPHON MICHAEL REYNOLDS ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, STEPHON MICHAEL REYNOLDS, and the defendant's attorney, G. Nicholas Wallace, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

    a) Count Five, that is, knowingly, intentionally, and without authority distributing a quantity of a mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C).

    The punishment for this offense is as follows: a maximum term of imprisonment of up to twenty years, a fine of up to $1,000,000, a term of supervised release of at least 3 years, and a $100 special assessment.

    b) Count Six, that is, knowingly, intentionally, and without authority distributing a quantity of a mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C).

    The punishment for this offense is as follows: a maximum term of imprisonment of up to twenty years, a fine of up to $1,000,000, a term of supervised release of at least 3 years, and a $100 special assessment.

1

c) Count Seven, that is, knowingly, intentionally, and without authority distributing a quantity of a mixture and substance containing a detectible amount of cocaine base ("crack"), a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C).

The punishment for this offense is as follows: a maximum term of imprisonment of up to twenty years, a fine of up to $1,000,000, a term of supervised release of at least 3 years, and a $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move this Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a. Around November of 2017, SIS investigators received information from a CS that Desi Reynolds and the defendant were selling crack cocaine together in the Johnson City, Tennessee area. The CS stated that Desi Reynolds and the defendant travelled between the Atlanta, Georgia area and Johnson City, Tennessee. The CS stated that Desi and the defendant stayed together at Stoneybrook Heights, apartment 70, Johnson City, Tennessee, and that Desi Reynolds conducted most of the narcotics transactions during the day, while the defendant generally conducted the transactions at night.

b. On November 8, 2017, investigators with SIS utilized a CS to conduct a controlled purchase of crack cocaine from the defendant. The CS purchased approximately one gram of crack cocaine from the defendant at Stoneybrook Heights, the apartment shared by the defendant and Desi Reynolds. The CS purchased the crack cocaine from the defendant while sitting across from Desi Reynolds.

c. On November 9, 2017, SIS again utilized a CS to conduct a controlled purchase of crack cocaine from the defendant at Stonebrook Heights Apartment. The CS told investigators that Desi Reynolds and the defendant used the same phone to communicate with the CS. The CS also stated that during a phone call earlier in the day, the defendant told the CS that they (Desi Reynolds and the defendant) wanted the CS "on their team," and that they could provide the CS with pills to distribute in addition to crack cocaine. Also during the phone call, the defendant offered to sell the CS an "eight ball," (approximately 3.5 grams) of crack cocaine for $400, and that they would discuss the pills when the CS arrived later to purchase the crack cocaine. A recorded phone call was placed to the number that had been provided, and the defendant answered and told the CS to "come on." The CS returned to Stoneybrook Heights to conduct the purchase of crack cocaine. Once inside the apartment, the CS purchased approximately 4.1 grams of crack cocaine from the defendant. The CS stated that while the defendant and the CS were discussing purchasing and distributing pills, Desi Reynolds partially emerged from the kitchen and assured the CS that the CS would "get them," (referring to the pills) and that it would take a couple of days. The CS stated that Desi Reynolds was wearing and apron and gloves and was cooking crack cocaine in the kitchen at the time of the conversation.

d. On November 10, 2017, investigators with SIS utilized a CS to make another controlled purchase of crack cocaine from the defendant at Stoneybrook Heights. The CS purchased approximately 7.2 grams of crack cocaine from defendant. The CS advised that the defendant had some belongings packed and was planning to travel with Desi Reynolds to Georgia. The defendant informed the CS that the defendant and Desi Reynolds would have Roxicodone when they returned, and that the CS could get some of them to sell.

e. The defendant now admits that he did knowingly, intentionally, and without authority distribute crack cocaine in Johnson City, Tennessee.

f. For the purpose of this plea agreement, the parties stipulate and agree that the defendant should be held responsible for at least 11.2 grams but less than 16.8 grams of cocaine base.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the

defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

6

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

7

Case 2:17-cr-00024-JRG-MCLC Document 76 Filed 10/17/18 Page 7 of 9 PageID #: 213

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

10/17/2018
Date

By: _____
THOMAS MCCAULEY
Special Assistant U.S. Attorney

10/17/18
Date

_____
STEPHON MICHAEL REYNOLDS
Defendant

10/17/18
Date

_____
G. NICHOLAS WALLACE
Attorney for the Defendant

9